PABLO MALAVÉ, demandante y apelado, *v.* JULIO MALAVÉ, demandado y apelante.

Núm. 8572.—*Sometido:* Diciembre 17, 1942. *Resuelto:* Febrero 2, 1943.

*F. González Fagundo,* abogado del apelante; *Pedro Pérez Pimentel,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Se trata en este caso de una acción para reivindicar una finca rústica radicada en el barrio La Teja del término municipal de Las Piedras, con una superficie de 41.87 cuerdas, colindante por el Norte y Este con Juan Malavé, por el Sur con el río Las Piedras y por el Oeste con Vicente Malavé y Cruz Delgado Soto. Alegó el demandante que dicha finca tiene un valor de $625; que es el remanente, después de haber hecho dos segregaciones, de una finca de 106.25 cuerdas que se formó por agrupación de dos fincas de 58 y 48.25 cuerdas que adquirió por compra a Juan Merced Malavé y su esposa Higinia Monserrate, por escritura de 16 de julio de 1934 ante el Notario Rafael S. Vidal, habiendo verificado la agrupación por escritura número 58 de 15 de agosto de 1938 ante el notario Pedro Pérez Pimentel; que el demandado la está detentando contra la voluntad del demandante y se ha negado a entregársela, a pesar de los requerimientos que le ha hecho con ese objeto.

En su contestación el demandado admitió que el demandante adquirió las dos fincas de 58 y 48.25 cuerdas respectivamente en la forma alegada en la demanda; admitió también la agrupación practicada y que la finca de 41.87 cuerdas reclamada por el demandante es el remanente de las 106.25 cuerdas después de la segregación verificada. Negó, sin embargo, que el valor de la finca reclamada fuera $625, que el demandado la estuviere poseyendo sin título válido contra la voluntad del demandante y que hubiere sido requerido para su entrega y negádose a ello, y como materia de defensa alegó: que es dueño de una finca de 38.75 cuerdas que adquirió por compra a Juan Merced Malavé y su esposa por

escritura número 39, de 10 de junio de 1937 ante el notario Francisco González, Jr., inscrita al folio 150 del tomo 35 de Las Piedras, finca núm. 1312, inscripción segunda; que dicha finca de 38.75 cuerdas es el remanente de otra de 68.75 cuerdas que describe, que perteneció a Juan Merced Malavé, quien inscribió su dominio sobre la misma al folio 148 del tomo 35 de Las Piedras, finca número 1312, a virtud de información de dominio aprobada por la Corte de Distrito de Humacao el 17 de junio de 1936, y expuso a continuación:

"Alega el demandado que esta finca de 38.75 cuerdas, que es el resto de la número 1312 antes mencionada, no es ni ha sido nunca parte de la finca de ciento seis cuerdas veintiocho centésimas, que se describe en el hecho segundo de la demanda, y alega igualmente que desde que adquirió dicha finca de 38.75 cuerdas en la forma antes indicada la ha venido poseyendo materialmente, de buena fe, con justo título y sin interrupción de clase alguna, y *alega además que si dicha finca de 38.75 cuerdas tiene alguna relación con la finca de 41.87 cuerdas, el demandado la posee con buena fe y justo título desde que la adquirió, y que la persona que le transmitió el dominio de la misma tenía también un justo título, debidamente inscrito y la poseyó pública y pacíficamente."* (Bastardillas nuestras.)

Interpuso además el demandado la excepción previa de insuficiencia de la demanda para constituir una causa de acción, pero esta defensa, que sin duda carece de fundamento, parece haber sido abandonada, puesto que no fué discutida en la corte inferior ni tampoco mencionada en el alegato del demandado apelante.

Fué el caso a juicio y el demandante presentó prueba tendente a sostener las alegaciones de su demanda. Llegado el turno del demandado para la presentación de su evidencia, ofreció: (a) una certificación del Secretario de la Corte de Distrito de Humacao, acreditativa de la orden final dictada en el expediente de dominio que sobre la finca de 68.75 cuerdas tramitó a su favor Juan Merced Malavé; (b) la escritura número 39, otorgada por Juan Merced Malavé a favor del demandado, a virtud de la cual el primero vendió al se-

gundo las 38.75 cuerdas que alega éste poseer; (c) cinco recibos del Departamento de Hacienda acreditativos de que el demandado Julio Malavé paga contribuciones por la finca de 38.75 cuerdas. Dicha prueba fué objetada y rechazada por irrelevante, tomando excepción el demandado. Fué entonces llamado éste a declarar. Tomamos de su testimonio:

"P. ¿A usted es que le reclaman una finca de cuarenta y una cuerdas?—R. Sí, señor.—P. ¿Usted tiene esa finca de 41 cuerdas o tiene alguna finca relacionada con ella?—R. No, señor, yo tengo una particular.—P. ¿Cuántas cuerdas tiene esa finca particular?—Demandante: En cuanto a la finca esa hacemos objeción.—R. Una finca de 38.75 cuerdas.—Juez: ¿La declaración del testigo se refiere a la misma finca que ha sido objeto de resoluciones anteriores?—Demandado: Sí, señor.—Juez: Entonces la corte declara con lugar la oposición por tratarse de una finca contraria, distinta a la alegada en la demanda.—Demandado: *Y nosotros alegamos que esa finca de 38.75 cuerdas es la única que él posee y que si ésa es la finca que se reclama en la demanda,* él la adquirió en virtud de justo título, de acuerdo con los documentos que se han presentado.—Juez: Muy bien, si de la prueba presentada aparece que es una finca distinta a la que se alega en la demanda, la corte entiende que es inadmisible la evidencia sobre tal extremo.—Demandado: Tomamos excepción de la resolución de la corte, y ése es nuestro caso." (T. de E., págs. 30–32.) (Bastardillas nuestras.)

El recurso está basado en no haber la corte sentenciadora admitido la prueba documental ofrecida por el demandado, en haber sostenido la objeción del demandante a que el demandado declarase sobre la finca de 38.75 cuerdas, y por último en haber condenado al demandado en costas, incluyendo $75 por concepto de honorarios de abogado.

El demandado, como hemos visto, sostuvo en el acto del juicio, por conducto de su abogado, que la finca de 38.75 cuerdas era la única poseída por él. De otro lado, el demandante, tanto en su demanda como en su declaración en el acto del juicio, sostuvo que el demandado está en posesión de la finca del demandante. Sosteniendo el demandado que él posee una sola finca, que es la de 38.75 cuerdas, y asegurando el

demandante que el demandado está poseyendo la finca que él reclama, parece claro que la finca reclamada por el demandante y la poseída por el demandado es la misma. Pero el demandante alega que esa finca es parte de la de 106.25 cuerdas antes mencionada y por consiguiente que le pertenece, mientras el demandado sostiene que la finca que él posee es el resto de otra de 68.75 cuerdas que perteneció a Juan Merced Malavé, remanente que adquirió el demandado por el título antes dicho. Limitada a estos términos la controversia, la cuestión queda reducida a determinar si la parcela de terreno cuyo dominio reclaman ambas partes es remanente de la de 106.25 cuerdas como asegura el demandante o de la de 68.75 cuerdas como pretende el demandado. Siendo ésa la cuestión a resolver, es admisible cualquier evidencia no inadmisible por otro concepto, que ofrezca una u otra parte, tendente a sostener su contención o a destruir la de la contraria. Y como la documental ofrecida por el demandado, al igual que su propio testimonio, tiende a establecer su contención, y esa evidencia no es inadmisible por otro motivo, opinamos que el negarse a recibirla fué error perjudicial a sus derechos sustanciales. Parece conveniente advertir, sin embargo, que si bien la evidencia documental tiende a probar que las fincas son distintas según el Registro, la realidad parece indicar que se trata de una misma finca, y que ya sea la de 106.25 cuerdas, ya la de 68.75 cuerdas, sólo existe en los libros del Registro pero no en la realidad. Y esta posibilidad cobra mayor fundamento si se tiene en cuenta que tanto el demandante como el demandado derivan su título inmediatamente del padre de ambos, Juan Merced Malavé, quien a su vez, después de haber vendido al demandante las dos fincas de que se formó la de 106.25 cuerdas, compró a éste una parcela de la así agrupada, con un área de 61 cuerdas, y que esta adquisición tuvo lugar antes de que Juan Merced Malavé tramitase el expediente de dominio sobre la citada finca de 68.75 cuerdas. Consideradas todas estas circunstancias y

habida cuenta de que la sentencia debe ser revocada por motivo del error discutido, somos de opinión que un nuevo juicio en que las partes tengan una oportunidad de aportar toda la evidencia pertinente para despejar la situación apuntada sería altamente saludable y garantizaría una más justa resolución de la cuestión en controversia.

*Procede, por lo expuesto, declarar con lugar el recurso, revocar la sentencia apelada y devolver el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*